Filed 4/26/16  P. v. Perkins CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052886 |
| v. | (Super. Ct. No. R-02333) |
| EVAN JERRY PERKINS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is an unusual case. Appellant Evan Jerry Perkins released from jail on February 3, 2014, and placed on Post Release Community Supervision (PRCS). Three months later, a bench warrant was issued for his arrest because he had been arrested for new criminal conduct and had failed to report a change of address.

Appellant was not only arrested for new criminal conduct, he was convicted and sentenced to 11 years in state prison. From prison, he filed a written request to recall the bench warrant on this case and terminate his PRCS based on the fact he was in prison. For reasons not reflected in the minute order, the request was denied, and appellant filed this appeal on November 30, 2015. We appointed counsel to represent Perkins on appeal.

Two weeks later, his attorney appeared in Orange County Superior Court and made the same request whose denial had caused Perkins to appeal. This time, it was granted: the bench warrant was recalled and the PRCS release terminated.

This left appellate counsel nothing to argue. His client had received the very relief he would have argued for. The only issue he could contest had been resolved in his favor.

Counsel filed a brief which set forth the facts of the case. Counsel did not argue against his client, but advised the court no issues were found to argue on appellant's behalf. Appellant was given 30 days to file written argument in his own behalf. Not surprisingly, that period has passed with no communication from appellant, who got what he wanted.

We have examined the record ourselves to see if we can find any arguable issue and cannot. Appellant received the relief initially denied him. The timing of that relief may have been problematic, but that clearly did not injure appellant in any way, and the People have not appealed – probably because they consider the relief appropriate, but perhaps because the denial was merely a clerical error correctible by the court even while an appeal is pending. At any rate, it would be a waste of resources to send the matter back for clarification of this issue. (See Pen. Code, § 1258.)

2

In short, there are no arguable issues on appeal.  Appellate counsel was correct in filing a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, and the judgment is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.